UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:13CR351 |
| | ) | 4:16CV2887 |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| CARL WASHINGTON, | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Carl Washington ("Washington") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 30 ["Mot."].) Plaintiff United States of America (the "government") opposes the motion and has moved to dismiss Washington's motion as untimely (Doc. No. 32 ["Opp'n"]), and Washington has filed a reply in support of his § 2255 motion. (Doc. No. 35 ["Reply"].) For the reasons that follow, the government's motion to dismiss is **GRANTED** and Washington's § 2255 motion is **DENIED** as time-barred.

I. **BACKGROUND**

On July 24, 2013, Washington was charged by indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 1 (Indictment).) On September 23, 2013, pursuant to the terms of a plea agreement, Washington entered a counseled plea of guilty before the magistrate judge to the indictment charge. (Doc. No. 18 (Report and Recommendation ["R&R"]).) The plea agreement contained an express provision waiving the right to bring a direct appeal or to initiate post-conviction

proceedings, "including a proceeding under 28 U.S.C. § 2255." (Doc. No. 22 (Plea Agreement) at 89.) On October 10, 2013, the Court adopted the magistrate judge's recommendation that Washington's guilty plea be accepted (Doc. No. 21 (Order Adopting R&R).)

On January 9, 2014, the Court sentenced Washington to a term of imprisonment of 50 months. (Doc. No. 29 (Judgment).) Washington did not take a direct appeal from the Court's judgment, and, instead, on November 29, 2016, Washington filed the present motion under § 2255. In his motion, Washington alleges that, "[o]n February 10, 2014, he was sentenced in the Court of Common Pleas for various criminal acts." (Mot. at 153[1], citing Doc. No. 30-3 (State Court Notice).) "Instead of being placed in Federal penal custody by the Federal Authorities[,]" Washington alleges that the federal government permitted "the State of Ohio to take [him] into penal custody to serve his State sentence first[.]" (*Id.*) According to Washington, when this occurred, the federal government "relinquished it[s] penal jurisdiction over" him. (*Id.*)

## II. STANDARD OF REVIEW

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

2

A criminal defendant may not utilize a § 2255 motion as a substitute for a direct appeal. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) ("An application under § 2255 . . . should not be considered a substitute for direct appeal."); *see Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). To assert a claim not raised on direct appeal, a petitioner ordinarily must show cause for the default and prejudice. *See Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1064, 140 L. Ed. 2d 828 (1998); *United States v. Frady*, 456 U.S. 1584, 1603-04, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1998).

A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Abrahamson*, 507 U.S. at 637). Therefore, a court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)). A petitioner further bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague and conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

When a defendant challenges the validity of a plea, the representations of the defendant, his lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id*. Subsequently-presented conclusory allegations that fly in the face of the record are subject to summary dismissal. *Id*. (citations omitted).

A court should hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Thus, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.") (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'"). Where (as here) the judge considering the § 2255 motion also presided over the sentencing hearing, the judge may rely on his or her recollections of those proceedings. *See Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (citation omitted).

The Court finds that an evidentiary hearing is not warranted in the present case. The

4

undisputed facts in the record demonstrate that Washington's motion—filed more than one year after his sentence became final—is time-barred under the governing statute, and Washington has not come forward with any facts that would demonstrate that he is entitled to equitable tolling.

### III. DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act (ADEPA) "provides a one-year statute of limitations for filing a federal habeas petition." *Cleveland v. Bradshaw*, 693 F.3d 626, 631 (6th Cir. 2012). Specifically, a prisoner must file his § 2255 motion within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the judgment of conviction was entered on January 9, 2014. Because Washington did not appeal his conviction or sentence, the one-year statute of limitations period began to run 14 days later. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Fed. R. App. P. 4(b)(1).[2] Washington was required to file his § 2255 motion by January 23, 2015. Instead, he filed the instant motion on November 29, 2016, more than 21 months after the

---

[2] Prior to the 2009 amendment, Rule 4(b)(1) provided for a 10-day period for appealing a judgment in a criminal case.

limitations period had expired. Accordingly, the motion is not timely under § 2255(f)(1).

Washington has not identified an impediment created by the government, a new right recognized by the United States Supreme Court, or new facts supporting a claim that were subsequently discovered through the exercise of due diligence to justify the delay in filing the present motion. *See* § 2255(f)(2)-(4). However, even if the Court treated the February 10, 2014 transfer to state custody as a "new" fact recently discovered that would reset the limitations period, Washington's motion would still have been filed well outside the time period permitted by statute. Moreover, Washington has failed to identify any basis upon which the Court could find that equitable tolling would be appropriate. His motion is untimely and is subject to dismissal.

Of course, if the Court were to reach the merits of his claim, the motion would fail as Washington's transfer to a state prison did not divest the United States of jurisdiction. Pursuant to 18 U.S.C. § 3621(b), "the Bureau of Prisons may designate any available penal or correctional facility as the place of a prisoner's incarceration, regardless of whether the federal government maintains the facility." *Gross v. United States*, 173 F.3d 428 (table decision), 1999 WL 96739, at *2 (6th Cir. Feb. 3, 1999). Accordingly, "the federal government does not waive jurisdiction over a federal prisoner by transferring him to a state facility for service of a state sentence before the expiration of his federal sentence." *Id.* (citing *Lipscomb v. Stevens*, 349 F.2d 997, 1000-1001 (6th Cir. 1965), *cert. denied*, 382 U.S. 993 (1966); *Murray v. United States*, 334 F.2d 616, 617 (9th Cir. 1964), *cert. denied*, 380 U.S. 917 (1965)).[3]

---

[3] Further, to the extent that Washington seeks to challenge the execution of his sentence, the claim must be presented in a habeas petition under 28 U.S.C. § 2241. *See United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991) ("an attack upon the execution of [the] sentence is properly cognizable in a 28 U.S.C. § 224(a) petition") (citation omitted).

## IV. Conclusion

For all of the foregoing reasons, Washington's untimely motion to vacate, set aside, or correct his sentence (Doc. No. 30) is denied and this case is dismissed. Further, the Court certifies, pursuant to 28 U.S.C. § 2255(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: May 16, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**